ac: Files
LEK

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

ORIGINAL

# UNITED STATES DISTRICT COURT

for the

District of Hawaii

_____ Division

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 2 2025   RR

at **8** o'clock and **55** min. ∧ M
Lucy H. Camilo, Clerk

Kelvin Simmons

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

–v–

Stott Property Management, et al

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **CV25  00341 LEK** KJM
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

**Named Defendants and Service Information**

| No. | Full Legal Name of Defendant | Title / Affiliation | Service Address | Type of Service |
|---|---|---|---|---|
| 1 | Jason Woo, Esq. | Attorney for Plaintiff; Jason Woo, AAL, LLLC | 735 Bishop Street, Suite 327 Honolulu, HI 96813 | Individual / Officer of Court Business Address |
| 2 | Stott Property Management LLC RB-22457 | Property Manager; Registered Agent: Tim Kelley | 970 N. Kalaheo Avenue, Suite C-114 Kailua, HI 96734 | Corporate Entity Business Address |
| 3 | Timothy J. Kelley | Principal Broker, RB-19901 | 549 Paokano Place Kailua, HI 96734 | Individual (Personal) Residnece |
| 4 | Tia Kaipuala Murray -aka Tia Murray RB-23720 | Former Leasing Agent; Now with Carvill Sotheby's Int'l Realty | 970 N. Kalaheo Avenue, Suite A100 Kailua, HI 96734 | Individual (Personal) Business Address |
| 5 | Russell G. L. And Lei N. Chun | Landlord / Property Owner | 1134 Park Avenue Alameda, CA 94501 | Individual (Personal) Personal Residence |
| 6 | Russell G.L. and Lei N. Chun | Landlord / Property Owner | c/o Stott Property Management LLC 970 N. Kalaheo Ave., Suite C-114 Honolulu, HI 96734 | Individual (Personal) c/o Hawaii Managing Agent |

| 7 | Renée Cabugua Lyman, Owner/Manager Lyman Services LLC | Manager / Owner, Lyman Services LLC, | 94-555 Ana Aina Place, #103 Waipahu, HI 96797 | Individual (Business) Residence & Business Address |
|---|---|---|---|---|
| 8 | Lyman Services LLC | Business Entity owned/managed by Renée Lyman | 94-555 Ana Aina Place, #103 Waipahu, HI 96797 | Corporate Entity Business Address |

Kelvin Simmons
**Pro Se Plaintiff**
607 N. King St, Apt 324
Honolulu, Hawai'i 96817
Email: kelvin1962@cocmast.net
PACER E-Filing Account No. 8398871

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAI'I

KELVIN SIMMONS,
Plaintiff,
v.
STOTT PROPERTY MANAGEMENT LLC; TIM KELLEY; TIA
MURRAY; LYMAN SERVICES LLC;
RUSSELL G. L. CHUN; LEI N. CHUN; and JASON WOO, ESQ.,
Defendants.

**Original Proceeding**

Civil Action No. _____

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND
EQUITABLE RELIEF
[Jury Trial Demanded], CERTIFICATE OF SERVICE; and**

**APPENDIX A: TABLE OF AUTHORITIESl
APPENDIX B: MEMORANDUM IN SUPPORT OF COMPLAINT;
APPENDIX C: DECLARATION OF KELVIN SIMMONS**

## I. INTRODUCTION
This is a civil action for damages, declaratory relief, and equitable relief
arising from a prolonged and coordinated campaign of disability
discrimination, retaliation, fraud, and procedural abuse perpetrated by
a group of private and quasi-public actors against Plaintiff Kelvin

Simmons, a legally blind former tenant and self-represented litigant residing in Honolulu, Hawai'i.

Plaintiff brings claims under the:
- Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.;
- Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq.;
- 42 U.S.C. § 1983 (civil rights violations under color of state law);
- and related state law provisions, including fraud, civil conspiracy, and intentional infliction of emotional distress.

Defendants include:
- Stott Property Management LLC, a property management firm acting as managing agent for the subject property;
- Timothy J. Kelley, the Principal Broker, 50% shareholder, and Registered Agent of Stott;
- Tia Kaipuala Murray, a former leasing agent directly involved in discriminatory correspondence and retaliatory actions;
- Jason Woo, Esq., a licensed attorney and former Deputy Prosecuting Attorney who served as dual-role counsel, debt collection agent, and private actor under color of law;
- Renee Cabugua Lyman, dba Lyman Services LLC, a vendor who issued fraudulent invoices post-eviction;
- and property owners Russell G. L. Chun and Lei N. Chun, who delegated operational control to Stott and failed to intervene in ongoing violations.

Plaintiff alleges that Defendants:
- Engaged in unlawful eviction proceedings without service of process;
- Denied reasonable accommodations and retaliated against ADA-protected conduct;
- Filed false court documents and used ex parte legal mechanisms to deprive Plaintiff of his property;
- Engaged in degrading, demeaning, and discriminatory rhetoric in public filings;
- And coordinated across multiple actors to obstruct judicial access, delay recourse, and suppress civil rights claims through bad-faith litigation tactics.

This action seeks to:
- Vacate a void judgment entered without jurisdiction or due process in Hawai'i District Court (Case No. 1DRC-23-0006533);
- Recover $5,000,000 in non-economic compensatory damages and $15,000,000 in punitive damages;
- Impose judicial liens and pierce the corporate veil to prevent evasion of liability;
- Secure injunctive relief, including potential housing reinstatement or equivalent accommodation;
- Award pro se attorney's fees and costs;
- And initiate referrals for professional discipline, including disbarment, license revocation, and corporate dissolution where applicable.

Defendants' conduct has caused Plaintiff irreparable harm, including involuntary homelessness, loss of personal property, emotional trauma, and deprivation of basic constitutional protections.

The violations continue across parallel proceedings, and federal intervention is necessary to vindicate Plaintiff's rights, ensure access to justice, and deter further abuse of the legal system as a weapon against vulnerable disabled individuals.

## II. JURISDICTION AND VENUE
A. Jurisdiction
This Court has original subject-matter jurisdiction over this civil action pursuant to the following statutes:

1. 28 U.S.C. § 1331 – Federal Question Jurisdiction:
   This action arises under the laws of the United States, including the Americans with Disabilities Act (ADA), Fair Housing Act (FHA), and 42 U.S.C. § 1983, providing for redress of violations of civil rights under color of state law.

2. 28 U.S.C. § 1343(a)(3)-(4) – Civil Rights Jurisdiction:
   The Court has jurisdiction over this matter because Plaintiff seeks to redress the deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States,

including equal protection, due process, and housing access protected by federal statute.

3. **42 U.S.C. § 1983 – Civil Action for Deprivation of Rights:** Plaintiff asserts claims against individuals and entities acting under color of state law, including court officers and agents who deprived him of federally protected rights, and seeks compensatory and punitive damages..

4. **42 U.S.C. § 12101 et seq. – Americans with Disabilities Act (ADA):** The ADA provides jurisdiction for claims involving the denial of reasonable accommodations, discriminatory access to courts, and retaliatory acts against individuals with disabilities.

5. **42 U.S.C. § 3601 et seq. – Fair Housing Act (FHA):** This Court also has jurisdiction under the FHA, which prohibits disability-based housing discrimination, coercion, and retaliation.

6. **28 U.S.C. § 1367(a) – Supplemental Jurisdiction:** This Court has supplemental jurisdiction over related state law claims, including fraud, abuse of process, emotional distress, conspiracy, and equitable relief under Hawai'i law, as they form part of the same case or controversy under Article III of the U.S. Constitution.

**B. Venue**

Venue is proper in the United States District Court for the District of Hawai'i pursuant to:

- **28 U.S.C. § 1391(b)(1)-(2) – because:**
    o **All Defendants reside or conduct business in the District of Hawai'i;**
    o **A substantial part of the events or omissions giving rise to the claims occurred in this District, including the discriminatory housing practices, retaliatory eviction, court filings, and constructive dispossession of Plaintiff's property.**

- **Local Civil Rule 3.2 – as the subject property, witnesses, and relevant proceedings (both administrative and judicial) are located within the District.**

**Plaintiff filed pre-service notices and declarations preserving the right to file this action in federal court and invoke federal supremacy over conflicting state judgments or procedures.**

## III. PARTIES

1. **Plaintiff – Kelvin Simmons**
   **Plaintiff is a legally blind individual residing in Honolulu, Hawaiʻi. He is recognized as disabled under the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA) due to his visual impairment and related physical conditions.**

   **Plaintiff was a residential tenant at 812 Olokele Avenue in Honolulu, and at all times relevant to this Complaint, qualified for reasonable accommodations under federal and state disability law.**

2. **Defendant – Stott Property Management LLC**
   **Stott Property Management LLC ("Stott") is a Hawaiʻi Limited Liability Company engaged in residential property management and real estate services. Stott was responsible for managing the subject property and overseeing Plaintiff's tenancy.**

   **Stott directly employed and supervised the individuals who engaged in discriminatory and retaliatory conduct, and it authorized or ratified the unlawful eviction proceedings. Stott is liable as principal for the acts of its agents and employees and operated with constructive knowledge and actual intent to suppress Plaintiff's rights.**

3. **Defendant – Timothy J. Kelley a.k.a. Tim Kelley**
   **Tim Kelley is a 50% shareholder, Principal Broker, and Registered Agent of Stott Property Management LLC.**

   **He directed and supervised the actions of Stott staff, personally authorized litigation decisions, and participated in the planning**

and execution of retaliatory actions against Plaintiff. Kelley coordinated with Jason Woo and others in a pattern of obstruction, retaliation, and discriminatory conduct.

Kelley is sued in his individual and professional capacities. Plaintiff also identifies Tracy Stott Kelley, as a 50% shareholder and President of Stott, whose assets are subject to lien for potential evasive conduct.

4. **Defendant – Tia Kaipuala Murray a.k.a. Tia K. Murray a.k.a. Tia Kaipuala Murray**
At the time of events, Murray was an employee and leasing agent with Stott Property Management LLC and was the direct point of contact for Plaintiff. She issued threatening and discriminatory communications, refused to acknowledge ADA requests, and escalated the matter into retaliatory litigation.

Murray is no longer employed at Stott but is now affiliated with Carvill & Company, also known as Carvill Sotheby's International Realty, as a Property Manager. Murray is sued in her individual capacity for her direct participation in civil rights violations.

5. **Defendant – Jason Woo, Esq.**
Jason Woo is an attorney licensed to practice in the State of Hawai'i (Bar No. 8542). Woo represented Stott Property Management LLC and Tim Kelley in both the summary possession and counterclaim litigation.

Woo acted not only as counsel but also as a private debt collector and material witness, submitting false and demeaning claims, initiating improper filings, and personally attacking Plaintiff's disability status.

Woo acted under color of state law due to his former role as a Deputy Prosecuting Attorney and present status as officer of the court, and coordinated litigation strategy in bad faith to suppress federally protected rights.

Woo is sued in both his individual and professional capacities, including through his business entity, Jason Woo AAL, LLLC, for which corporate veil piercing is requested.

6. **Defendant – Renée Cabugua Lyman a.k.a. Renée Lyman a.k.a. Lyman Services LLC**

Renee Lyman is the owner and manager of Lyman Services LLC, a move-out cleaning services vendor affiliated with Stott Property Management LLC.

She was involved in the fraudulent invoicing of alleged damages, and false vehicle removal charges following Plaintiff's eviction, creating false ledgers and maintenance charges that were used to support attempted debt collection efforts by Stott and Jason Woo.

Lyman also acted without proper licensure or authorization and engaged in conduct designed to inflate debt and suppress due process defenses.

She is sued in both her individual and professional capacities, and Plaintiff requests revocation of her business license and personal asset lien due to ongoing misconduct.

7. **Defendant – Russell Goon Lai Chun a.k.a. Russell G. L. Chun**
Russell Chun is the co-owner and landlord of the subject property located at 812 Olokele Avenue. As the legal property owner, he is vicariously liable for the acts of his property management agents.

Despite receiving notice of Plaintiff's disability and pending federal complaints, he allowed Stott and its agents to proceed with discriminatory eviction and property destruction.

Russell Chun is sued in his individual and professional capacities, and Plaintiff seeks a judicial lien on the subject property to secure damages.

Defendants Russell G. L. Chun and Lei N. Chun are the titled owners of the subject property.

During all relevant periods, they delegated operational and managerial authority to Stott Property Management LLC, their managing agent, who acted with express or implied authority to conduct lease administration, serve notices, and initiate litigation on their behalf.

Pursuant to Hawaiʻi agency law, and under federal notice and service rules, Stott Property Management LLC is a proper recipient for service upon the Chuns as their agent, and is vicariously liable for the discriminatory, fraudulent, and retaliatory conduct carried out in the course of managing Plaintiff's tenancy.

See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (establishing indirect liability for policy execution); Haw. R. Civ. P. 4(d)(1) and Fed. R. Civ. P. 4(e)(2)(C) (permitting service on authorized agents); Restatement (Second) of Agency § 267 (principal liability for agent's torts within scope of authority).

8. Defendant – Lei Nayoi Chun a.k.a. Lei N. Chun
Lei Chun is the co-owner of the subject property and spouse or related party to Russell Chun.

She was complicit in the decision-making or failed to intervene despite receiving written complaints and evidence of ADA violations.

Lei Chun is sued in her individual and professional capacities, and Plaintiff seeks injunctive and monetary relief including lien enforcement on jointly held property.

Defendants Russell G. L. Chun and Lei N. Chun are the titled owners of the subject property. During all relevant periods, they delegated operational and managerial authority to Stott Property Management LLC, their managing agent, who acted with express or implied authority to conduct lease administration, serve notices, and initiate litigation on their behalf.

Pursuant to Hawaiʻi agency law, and under federal notice and service rules, Stott Property Management LLC is a proper

recipient for service upon the Chuns as their agent, and is vicariously liable for the discriminatory, fraudulent, and retaliatory conduct carried out in the course of managing Plaintiff's tenancy.

See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (establishing indirect liability for policy execution); Haw. R. Civ. P. 4(d)(1) and Fed. R. Civ. P. 4(e)(2)(C) (permitting service on authorized agents); Restatement (Second) of Agency § 267 (principal liability for agent's torts within scope of authority).

## IV. FACTUAL ALLEGATIONS

1. **Background and Disability Status**
   Plaintiff Kelvin Simmons is a legally blind individual residing in Honolulu, Hawai'i, protected under the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA). Plaintiff disclosed his disability and requested reasonable accommodations from his housing provider beginning in mid-2023, including accessible communications, maintenance coordination, and alternative dispute resolution to avoid discriminatory escalation.

2. **Tenancy and Ownership Structure**
   Plaintiff was a lawful residential tenant at 812 Olokele Avenue, Unit #D, Honolulu, Hawai'i. The property was owned by Russell G. L. Chun and Lei N. Chun, and managed by Stott Property Management LLC starting August 1, 2023, through its Principal Broker and 50% Shareholder, Timothy J. Kelley. Tia Kaipuala Murray, acting as a property manager and leasing agent, was Plaintiff's direct contact for property matters.

3. **Discriminatory and Retaliatory Conduct**
   Upon Plaintiff's invocation of ADA protections and filing of internal and administrative complaints, Defendant Tia Murray issued threatening and hostile correspondence.

   Stott Property Management LLC, at the direction of Tim Kelley, initiated retaliatory proceedings to terminate Plaintiff's tenancy.

This pattern escalated following Plaintiff's protected activity under the ADA and FHA.

4. **Improper and Fraudulent Eviction Filing**
   In October 2023, Jason Woo, Esq., acting on behalf of Stott and Tim Kelley, filed an eviction action in Honolulu District Court (Case No. 1DRC-23-0006533) using:

   o an unserved summons and complaint;
   o fraudulent and inflated rent claims;
   o false allegations of abandonment;
   o and concealed material facts including pending ADA complaints, dual role as debt collection agent, and ongoing tenancy.

No notice or hearing date was ever served on Plaintiff. The complaint falsely alleged Plaintiff owed over $2,000 in rent without any accurate ledger, and was not supported by Stott own ledger.

5. **Deprivation of Due Process**
   Plaintiff discovered the eviction only after receiving a debt collection notice for Jason Woo, Esq acting also as sole debt collection agent prior to start of summary possession proceedings.

   He was denied the opportunity to appear, assert affirmative defenses of retaliation and discrimination, or seek injunctive relief. Despite documented disability and lack of service, Jason Woo obtained a writ of possession ex parte, violating procedural and constitutional protections.

6. **Forced Homelessness and Property Destruction**
   The execution of the writ led to Plaintiff's constructive eviction. His personal property, including medical and mobility equipment, financial records, and personal belongings valued at over $22,500, was discarded without judicial authorization or inventory.

   Plaintiff became involuntarily homeless, suffering loss of shelter, safety, and dignity.

7. **Demeaning and Discriminatory Statements by Counsel**
   Throughout litigation, Jason Woo used disparaging, demeaning, and discriminatory language in court filings, including:

   - referring to Plaintiff's ADA requests as "excuses";
   - describing Plaintiff's filings as "nuisance pleadings" and "disruptive conduct";
   - falsely claiming Plaintiff abandoned the unit;
   - and suggesting that Plaintiff's disability claims were "abusive" and "dilatory."

These statements were echoed in open court, compounding Plaintiff's trauma and influencing judicial attitudes toward his filings.

8. **Procedural Obstruction and Judicial Complicity**
   After Plaintiff filed a counterclaim in Circuit Court (Case No. 1CCV-23-0001508) alleging fraud, abuse of process, and civil rights violations, Jason Woo continued to file motions before service was completed, obstructed service efforts, and maintained discriminatory rhetoric.

   Judge Karin L. Holma, who had presided over the original eviction case, refused to recuse herself from the counterclaim despite:

   - her involvement in the challenged judgment;
   - documented bias in favor of the Defendants;
   - pending motions to disqualify her for judicial misconduct;
   - and her awareness of federal claims against the parties.

9. **Ongoing Abuse of Process and Strategic Litigation Against Plaintiff**

   After eviction, Defendants continued to pursue baseless litigation to collect fees and retaliate for Plaintiff's civil rights assertions.

   These included:

   - pre-service motions for attorney's fees;

- o **false accusations of vehicle removal and claims for same even though plaintiff never owned a vehicle and subpoena to obtain this mystery vehicle were blatantly ignored;**
- o **and coordinated attempts to discredit Plaintiff's federal filings and complaints through procedural manipulation.**

10. **Defendant Modifications and Relationships**
- **Tia Murray is no longer employed by Stott but is now affiliated with Carvill & Company a.k.a. Carvill Sotheby's International Realty.**

- **Renee Cabugua Lyman aided in issuing fraudulent invoices post-eviction, falsely attributing damage costs to Plaintiff without documentation or inspection.**

- **Jason Woo, through his entity Jason Woo AAL LLLC, has continued to act in dual roles as debt collector and litigation counsel, in clear conflict and misuse of the judicial system.**

- **Russell and Lei Chun failed to supervise their agents or halt the abuse despite having direct notice of Plaintiff's ADA rights and the litigation misconduct.**

11. **Fraudulent Corporate Shielding and Indemnity Evasion**
**Plaintiff asserts that Defendants cannot hide behind the corporate form, as:**

- **Stott Property Management LLC, Jason Woo AAL LLLC, and Lyman Service LLC committed blatant fraud and acted in bad faith;**

- **Tim Kelley and Tracy Stott Kelley, as 50% owners each (together own 100% of Stott Property Management LLC) and officers, engaged in willful misconduct;**

- **and any indemnity clauses claimed by Defendants are void as against public policy and inapplicable to knowing civil rights violations.**

12. **Request for Judicial Oversight and Preservation of Claims**
Plaintiff preserved his right to submit pre-service filings, including this Complaint and its supplements, and now seeks federal judicial oversight to prevent continued abuse and secure redress for ongoing violations of federal law.

13. Defendants Russell G. L. Chun and Lei N. Chun are the titled owners of the subject property. During all relevant periods, they delegated operational and managerial authority to Stott Property Management LLC, their managing agent, who acted with express or implied authority to conduct lease administration, serve notices, and initiate litigation on their behalf.

14. Pursuant to Hawaiʻi agency law, and under federal notice and service rules, Stott Property Management LLC is a proper recipient for service upon the Chuns as their agent, and is vicariously liable for the discriminatory, fraudulent, and retaliatory conduct carried out in the course of managing Plaintiff's tenancy.

See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (establishing indirect liability for policy execution); Haw. R. Civ. P. 4(d)(1) and Fed. R. Civ. P. 4(e)(2)(C) (permitting service on authorized agents); Restatement (Second) of Agency § 267 (principal liability for agent's torts within scope of authority).

## V. CLAIMS FOR RELIEF

COUNT I – Fair Housing Act Violations (42 U.S.C. § 3601 et seq.)
COUNT II – Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)
COUNT III – 42 U.S.C. § 1983 – Civil Rights Deprivation
COUNT IV – Fraud
COUNT V – Abusive Litigation and Abuse of Process
COUNT VI – Demeaning and Discriminatory Conduct
COUNT VII – Intentional Infliction of Emotional Distress
COUNT VIII – Civil Conspiracy

## VI. REQUEST FOR JUDICIAL NOTICE

**Pursuant to Federal Rule of Evidence 201(b) and applicable Ninth Circuit precedent, Plaintiff respectfully requests that this Court take judicial notice of the official dockets and related filings in the following proceedings currently or formerly pending in the Circuit Court of the First Circuit, State of Hawai'i:**

- **Case No. 1DRC-23-0006533 – Stott Property Management LLC v. Kelvin Simmons (District Court – Summary Possession)**
- **Case No. 1CCV-23-0001508 – Kelvin Simmons v. Stott Property Management LLC, et al. (Circuit Court – Counterclaims and Civil Rights & Fraud Allegations)**
- **Case No. 1CCV-24-0000518 – Kelvin Simmons v. Stott Property Management LLC, et al. (Circuit Court – Reinstatement and Civil Rights & Fraud Allegations)**

**These proceedings form the factual and legal basis for this federal civil rights action and are central to Plaintiff's claims under the Americans with Disabilities Act (ADA), Fair Housing Act (FHA), 42 U.S.C. § 1983, and related state law provisions.**

**The dockets and underlying filings:**

- **Document Plaintiff's prior and continuing assertion of federal rights in state court;**
- **Reflect a pattern of intentional discrimination, retaliation, and procedural abuse by Defendant Jason Woo, Esq., acting both as counsel of record and a private actor under color of law;**

- **Demonstrate bad-faith litigation tactics, including:**

  - **Pre-service motions to dismiss and seek attorney's fees;**
  - **Use of disparaging and discriminatory language about Plaintiff's disability;**
  - **Repeated obstruction of service and evasion of court process;**
  - **Misuse of state court procedures to suppress Plaintiff's federally protected rights.**

Judicial notice of these proceedings is appropriate and necessary to:

- Establish the timeline and procedural context of Plaintiff's claims;

- Substantiate allegations of ongoing civil rights violations across forums;

- Support Plaintiff's claims for vacatur of judgment, injunctive relief, and compensatory damages;

- And demonstrate the continued impact of Defendants' coordinated conduct, including the intentional misuse of state court litigation to retaliate against Plaintiff for asserting his federal rights.

Under Khatib v. County of Orange, 639 F.3d 898, 900 n.1 (9th Cir. 2011), Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), and United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980), courts may take judicial notice of public court records, including dockets and pleadings in other proceedings.

Accordingly, Plaintiff requests that this Court take judicial notice of the full official dockets and underlying pleadings in Case Nos. 1DRC-23-0006533 and 1CCV-23-0001508, and permit their submission or transfer as exhibits in support of this Complaint and all related relief.

## VII. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:**

1. **Declare that the judgment and writ of possession issued in Case No. 1DRC-23-0006533 are void ab initio due to lack of subject-matter jurisdiction, lack of service, denial of ADA accommodations, and deprivation of due process;**

2. **Declare that Defendants' conduct constitutes violations of:**

   o **the Americans with Disabilities Act (ADA);**
   o **the Fair Housing Act (FHA);**
   o **42 U.S.C. § 1983 and associated constitutional protections;**
   o **and Hawaiʻi statutory and common law, including fraud, conspiracy, and abuse of process;**

3. **Award compensatory damages in an amount not less than $5,000,000, consisting of:**

   **a. Pain and Suffering – $2,000,000**
   **b. Emotional Distress – $1,000,000**
   **c. Constitutional Deprivation – $1,000,000**
   **d. Reputational Harm and Humiliation – $750,000**
   **e. Loss of Housing Opportunity and Community Standing – $250,000**

   **As permitted under Carey v. Piphus, 435 U.S. 247 (1978), Duvall v. Kitsap, 260 F.3d 1124 (9th Cir. 2001), Goldberg v. Kelly, 397 U.S. 254 (1970), and other authorities cited in the Statement of Damages incorporated by reference.**

### 3a. COMPENSATORY NON-ECONOMIC DAMAGES BREAKDOWN - Total Requested: $5,000,000.00

**Plaintiff seeks an award of non-economic compensatory damages in the total amount of five million dollars ($5,000,000.00) to address severe and lasting psychological, constitutional, reputational, and human harms arising from Defendants' coordinated misconduct.**

**These damages are supported by binding and persuasive legal precedent recognizing the value of non-economic injuries in civil rights and discrimination claims.**

### 1. Pain and Suffering – $2,000,000
**Plaintiff experienced prolonged pain and suffering resulting from his unlawful eviction, including:**

- **Forced homelessness as a disabled tenant;**
- **Loss of mobility equipment and personal effects without lawful notice or recourse;**
- **Trauma caused by sudden displacement and emotional destabilization.**

**This damage is compensable under Carey v. Piphus, 435 U.S. 247, 264 (1978), which permits recovery for emotional suffering in civil rights cases, even in the absence of physical injury, when constitutional rights have been violated.**

**Legal Basis: ADA Title II and III; FHA § 3613(c)(1); § 1983; Carey v. Piphus, supra.**

### 2. Emotional Distress – $1,000,000
**Plaintiff endured extreme emotional distress as a result of:**
- **Retaliatory litigation after engaging in ADA-protected activities;**
- **Procedural exclusion from hearings and accommodations;**
- **Ongoing hostile conduct by Defendants, including discriminatory legal filings and accusatory statements undermining Plaintiff's character.**

**The Ninth Circuit in Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001), affirmed ADA damages for deliberate indifference to**

accommodation requests and judicial exclusion. Further, emotional distress is recoverable under FHA claims per Fair Housing Amendments Act case law.

Legal Basis: 42 U.S.C. § 12133 (ADA enforcement); Duvall, supra; Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007).

### 3. Constitutional Deprivation – $1,000,000
Plaintiff suffered direct deprivation of:

- Due process rights, including notice and opportunity to be heard (denied at the outset of Case No. 1DRC-23-0006533);
- Equal protection of law as a disabled litigant forced to defend himself without accommodation or representation;
- Access to courts in violation of Title II of the ADA and 42 U.S.C. § 1983.

Such constitutional harms justify significant compensatory awards per Goldberg v. Kelly, 397 U.S. 254 (1970) and Tennessee v. Lane, 541 U.S. 509 (2004).

Legal Basis: 42 U.S.C. § 1983; ADA Title II; Goldberg, supra; Lane, supra.

### 4. Reputational Harm and Humiliation – $750,000
Defendants' written court filings and oral statements described Plaintiff's ADA-protected requests as:

- "Excuses" and "nuisance filings";
- Alleged he had "abandoned" the unit;
- Repeatedly undermined and mocked his disability.

Such conduct caused lasting reputational damage and public humiliation, both in the courtroom and within the rental and social community. Courts have recognized such reputational harm as actionable where it directly relates to the exercise of constitutional or statutory rights.

Legal Basis: § 1983; Memphis Community School Dist. v. Stachura, 477 U.S. 299 (1986); Shelley v. Kraemer, 334 U.S. 1 (1948).

### 5. Loss of Housing Opportunity and Community Standing – $250,000

**As a result of the wrongful eviction, Plaintiff lost:**
- **Access to affordable and ADA-compliant housing;**
- **Rental history integrity, damaging future eligibility;**
- **Support systems and community embedded in the property location.**

**This qualifies as a consequential loss under the Fair Housing Act, which allows broad remedial relief for discriminatory interference with housing rights.**

**Legal Basis: 42 U.S.C. § 3613(c)(1); FHA damages precedent; Kahoʻohanohano v. State, 114 Haw. 302 (2007).**

### TOTAL NON-ECONOMIC COMPENSATORY DAMAGES REQUESTED: - $5,000,000.00

**Plaintiff respectfully submits that this award is:**
- **Proportionate to the harm suffered;**

- **Supported by legal authority; and**

- **Necessary to fully redress the non-economic injuries sustained.**

- **Award punitive damages in an amount not less than $15,000,000, to be apportioned individually across Defendants in their individual and professional capacities;**

- **Award pro se attorney's fees and litigation costs in the amount of $150,000, pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and applicable case law and statutory authority;**

- **Vacate the judgment in 1DRC-23-0006533, expunge any record of the eviction, and nullify any derivative enforcement, lien, or debt collection action;**

- **Grant injunctive relief to:**

  - **Reinstate Plaintiff's tenancy or provide access to equivalent ADA-compliant housing;**
  - **Prohibit further retaliatory, discriminatory, or harassing conduct by Defendants;**
  - **Prevent further misuse of judicial process by any named Defendant;**

- **Impose a court-ordered lien on:**

  - **The subject property owned by Russell G. L. Chun and Lei N. Chun;**

  - **The personal property and financial assets of:**
    - **Jason Woo;**
    - **Timothy J. Kelley and Tracy Stott Kelley (50% owners each of Stott Property Management LLC);**
    - **Renée Cabugua Lyman;**
    - **Tia Kaipuala Murray;**

4. **Pierce the corporate veil of:**
   - **Stott Property Management LLC;**
   - **Jason Woo AAL, LLLC;**
   - **Lyman Services LLC;**
     **to prevent evasion of liability and protect the public interest;**

5. **Declare invalid any indemnity clause asserted by:**
   - **Jason Woo as counsel or business owner;**
   - **Stott Property Management LLC as managing agent for the Chuns;**
   - **Tim Kelley, in his capacity as broker and registered agent;**

6. **Refer Defendants for professional discipline, including:**
   - **Disbarment of Jason Woo, Esq., for conduct prejudicial to the administration of justice;**
   - **Revocation of real estate licenses for Tim Kelley, Tia Murray, and Stott Property Management LLC;**

      o  **Dissolution or license termination for Lyman Services LLC and Jason Woo AAL, LLLC;**

7. **Retain jurisdiction for enforcement of all injunctive orders and equitable remedies;**

8. **Award such other and further relief as the Court deems just, equitable, and proper.**

## VIII. DEMAND FOR JURY TRIAL

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues of fact and claims for relief so triable under federal and Hawaiʻi law.**

**Plaintiff asserts this right as guaranteed by the Seventh Amendment to the United States Constitution, and applicable statutes including but not limited to:**

- **the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.;**
- **the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq.;**
- **42 U.S.C. § 1983 (civil rights and constitutional claims);**
- **and related state law claims for fraud, emotional distress, abuse of process, and conspiracy.**

**All factual disputes regarding liability, damages, intent, retaliation, and discrimination are reserved for jury determination unless otherwise stipulated or ruled by the Court.**

## IX, NOTICE REGARDING EXHIBITS

**NOTICE: Due to the volume of documentation, all exhibits will be filed electronically in accordance with Local Rule 10.2 and CM/ECF filing requirements. Plaintiff reserves the right to submit supplemental exhibit volumes and to consolidate filings electronically upon leave of Court or as directed by the Clerk.**

**DATED: August 12, 2025**

Respectfully submitted,

Kelvin Simmons
Pro Se Plaintiff
607 N. King St, Apt 324
Honolulu, Hawai'i 96817
Email: kelvin1962@cocmast.net
Phone: 808-868-7029
PACER E-Filing Account No. 8398871

## X.  EXPANDED LEGAL BASIS
### A. Jurisdiction and Standing
This Court has original jurisdiction pursuant to:

- 28 U.S.C. § 1331 (federal question jurisdiction),
- 28 U.S.C. § 1343(a)(3)-(4) (civil rights violations),
- and supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims, including fraud, abuse of process, and emotional distress.

Plaintiff has standing under Article III of the U.S. Constitution as he suffered injury-in-fact (forced eviction, deprivation of rights, emotional and property loss), traceable to Defendants, and redressable by this Court.

### B. Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.
Plaintiff is disabled within the meaning of the ADA, and his housing providers and legal adversaries failed to reasonably accommodate his impairment as required by:

- Title II (public services) and
- Title III (public accommodations, including real estate offices and judicial proceedings).

Under Tennessee v. Lane, 541 U.S. 509 (2004), access to courts and public services must be meaningfully available to disabled individuals. Refusal to accommodate Plaintiff's communications and deliberate targeting following protected complaints constitutes a per se violation.

In Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001), the Ninth Circuit held that failure to provide accommodations in judicial proceedings violates the ADA where decisionmakers have notice of the disability and an opportunity to act.

### C. Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq.
The FHA prohibits discrimination in housing based on disability, including:

- denial of reasonable accommodations (42 U.S.C. § 3604(f)(3)(B)),
- and retaliatory eviction or coercion (42 U.S.C. § 3617).

Defendants' conduct—including initiating eviction after ADA-based complaints, refusing to communicate via accessible formats, and falsely accusing Plaintiff of abandonment—violated both the intent and protections of the FHA.

**D. 42 U.S.C. § 1983 – Deprivation of Civil Rights Under Color of Law**
Though most Defendants are private actors, Jason Woo, Esq. is a former Deputy Prosecuting Attorney and current officer of the court.

He operated under color of state law by:

- manipulating court procedure,
- filing ex parte pleadings without service,
- and invoking judicial mechanisms to retaliate and silence Plaintiff's disability-based claims.

Under Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), a private party may be liable under § 1983 where their actions are "fairly attributable to the State," especially when involving abuse of legal process and judicial power.

In Shelley v. Kraemer, 334 U.S. 1 (1948), the Supreme Court held that judicial enforcement of private discrimination implicates state action under the Fourteenth Amendment.

**E. Void Judgment Under Federal Due Process and Hawai'i Law**
The summary possession judgment (Case No. 1DRC-23-0006533) is void under:

- Goldberg v. Kelly, 397 U.S. 254 (1970), due to denial of pre-deprivation hearing;
- Marks v. U.S., 578 F.2d 261 (9th Cir. 1978), for lack of notice or opportunity to be heard;
- and Haw. R. Civ. P. 60(b)(4), which allows vacatur of a judgment entered without personal jurisdiction.

Since Plaintiff was never served the summons or notified of the hearing, and the ADA accommodations were denied, the judgment must be declared void ab initio and all downstream actions vacated.

**F. Abuse of Process, Fraud, and Civil Conspiracy**
Defendants used the legal system to harass, retaliate, and suppress a disabled tenant:

- Abuse of process occurred when filings were used to collect debts, deny housing, and suppress protected ADA activity;
- Fraud occurred through misrepresentations in invoices, filings, and correspondence;
- Civil conspiracy is evident from the coordinated participation by Jason Woo, Tim Kelley, Renee Lyman, and others to strip Plaintiff of his home, credibility, and access to relief.

See Ziglar v. Abbasi, 582 U.S. 120 (2017), recognizing conspiracy liability for coordinated denial of constitutional rights.


**G. Piercing the Corporate Veil / Personal Liability**
Plaintiff seeks to pierce the corporate veil of:
- Jason Woo AAL LLLC,
- Stott Property Management LLC (owned and controlled by Tim Kelley and Tracy Stott Kelley),
- and Lyman Services LLC.

Corporate formalities were disregarded in furtherance of fraudulent and discriminatory conduct. Under Monell v. Department of Social Services, 436 U.S. 658 (1978), and Hawaiʻi agency law, personal liability attaches where:

- individuals act outside corporate purpose,
- corporate form is used to avoid justice,
- and shareholders actively direct or authorize misconduct.

**H. Attorney Misconduct and Disciplinary Referrals**
Jason Woo's actions violate professional duties under the Hawaiʻi Rules of Professional Conduct, including:

- Rule 3.3 (candor to the tribunal),
- Rule 4.4 (respect for rights of third persons),
- and Rule 8.4(d) (conduct prejudicial to the administration of justice).

Tim Kelley and Tia Murray engaged in misconduct violating Hawaiʻi's Real Estate Licensing Statutes, including retaliation and fraud. Plaintiff seeks referral to the Office of Disciplinary Counsel, Real Estate Commission, and revocation of business licenses where appropriate.

**I. Relief Warranted**
**Pursuant to the above, Plaintiff seeks:**

- **Monetary damages: $5,000,000 in compensatory, $15,000,000 in punitive**

**Pro Se Attorney's Fees: $150,000 – Full Expanded Legal Basis**
**Plaintiff, a qualified pro se litigant, seeks a reasonable award of $150,000 in statutory attorney-equivalent fees under:**

- **42 U.S.C. § 1988(b) – which authorizes "a reasonable attorney's fee as part of the costs" to a prevailing party in civil rights actions under 42 U.S.C. § 1983, ADA, and FHA;**
- **42 U.S.C. § 12205 – which permits courts to award reasonable attorney's fees and litigation expenses in successful ADA claims;**
- **and Haw. Rev. Stat. § 607-14.5, permitting fees for prevailing parties in cases involving frivolous or bad-faith litigation conduct.**

**Although pro se litigants are generally not awarded attorney's fees, courts make exception where:**

- **The plaintiff is legally trained or demonstrates exceptional competence and diligence in preparing filings and presenting legal arguments (see Kay v. Ehrler, 499 U.S. 432, 438 (1991));**
- **Defendants engaged in retaliatory litigation tactics to suppress the litigant's access to relief;**
- **And the requested fee is based on fair market value of services rendered and compensatory in nature, not for profit.**

**In Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001), and Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128 (9th Cir. 2002), the Ninth Circuit affirmed that ADA fee awards must consider complexity, deterrence, and systemic access.**

Here, Plaintiff:

- has filed over 100 substantive motions, supported by legal citations, procedural analysis, and documentary evidence;
- has enforced ADA, FHA, and constitutional rights under opposition from licensed attorneys;
- and has suffered litigation misconduct, including pre-service filings, fraud, and discriminatory statements by opposing counsel.

Accordingly, Plaintiff requests an award of $150,000 in pro se attorney's fees as:

- a statutory right under § 1988 and § 12205;
- a compensatory mechanism to redress loss of rights and effort expended;
- Vacatur: of the judgment in 1DRC-23-0006533
- Injunctive relief: to reinstate housing access or equivalent ADA-compliant housing

- Lien orders: on property of Defendants, including:
  - Jason Woo,
  - Tim and Tracy Kelley,
  - Russell and Lei Chun,
  - Renee Lyman,
  - and Tia Murray

DATED: August 12, 2025


Respectfully submitted,
Kelvin Simmons, Pro Se Plaintiff
607 N. King St, Apt 324
Honolulu, Hawaii 96817
Email: kelvin1962@cocmast.net
Phone: 808-868-7029
Alternate: 808-468-0306
PACER E-Filing Account No. 8398871

## CERTIFICATE OF SERVICE

I, Kelvin Simmons, hereby certify that on the date set forth below, a true and correct copy of the foregoing Complaint for Damages, Declaratory Relief, and Equitable Relief, including all referenced exhibits and pre-service filings, was served upon the following named Defendants:

Served via Email, Fax, and USPS Certified Mail – Return Receipt Requested;

Jason Woo, Esq. Bar 8542
Jason Woo AAL, LLLC
Email: jwoo@jasonwoolaw.com; jwoo@jasonwoo.law@gmail.com
735 Bishop Street, Ste 327
Honolulu, HI 96813

Timothy J. Kelley a.k.a. Tim Kelley RB-19901
Principal Broker and Registered Agent
Stott Property Management LLC RB-22457
Email: timkelley@stott.com
970 N. Kalaheo Ave., Suite C-114
Honolulu, HI 96734

Stott Property Management LLC RB-22457
c/o Timothy J. Kelley
970 N. Kalaheo Ave., Suite C-114
Honolulu, HI 96734
Email: timkelley@stott.com

Tia Kaipuala Murray RB-23720
Former Leasing Agent, Stott Property Management LLC
Property Manager RB-23720
Carvill Sotheby's Int'l Realty
970 N Kalaheo Ave Suite A100
Kailua, Hawaii 96734
 808-352-7378
 tia@carvillsir.com

**Served via USPS Certified Mail Retrun Receipt Only;**

**Renée Cabugua Lyman a.k.a. Renée Lyman**
**Lyman Services LLC**
**94-555 Ana Aina Place, #103**
**Waipahu, HI 96797**

**Russell G L Chun**
**Lei N. Chun, Landlord (s)**
**c/o Stott Property Management LLC RB-22457**
**"as managing agent"**
**970 N. Kalaheo Ave., Suite C-114**
**Honolulu, HI 96734**
**Email: timkelley@stott.com**

**Russell G L Chun (Residence)**
**1134 Park Avenue**
**Alameda, CA 94501**

**Lei N. Chun (Residence)**
**1134 Park Avenue**
**Alameda, CA 94501**

**Tim Kelley (Residence)**
**549 Paokano Place**
**Kailua, Hawaii 96734**

**Executed on: 12 August 2025**

**Kelvin Simmons**
**Pro Se Plaintiff**